**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wayne Anthony JOSEPH,
Defendant–Appellant.**

**No. 05–12573
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 14, 2006.

R. Fletcher Peacock, Maurice C. Grant, II, Jacksonville, FL, for Defendant–Appellant.

Sandra Woodall Deisler, U.S. Attorney's Office, Orlando, FL, for Plaintiff–Appellee.

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Wayne Anthony Joseph appeals his sentence for illegal reentry after deportation. 8 U.S.C. § 1326. The penalty for illegal reentry after deportation is two years of imprisonment. Because Joseph was previously convicted of an aggravated felony, he was sentenced to 57 months of imprisonment under section 1326(b)(2).

Joseph argues that his sentence is unconstitutional in the light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny. Joseph concedes that under *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350, a previous conviction is a sentencing factor that need not be pleaded in the indictment but argues that *Almendarez–Torres* has been repudiated by a majority of the Supreme Court Justices and should not be followed. "We have held that *Almendarez–Torres* remains the law until the Supreme Court determines that *Almendarez–Torres* is not controlling precedent." *United States v. Orduno–Mireles,* 405 F.3d 960, 963 (11th Cir.), *cert. denied* —— U.S. ——, 126 S.Ct. 223, 163 L.Ed.2d 191 (2005) (internal quotation marks and citation omitted). The sentence is

**AFFIRMED.**